NO. 7478.                    STATE OF LOUISIANA

O. B. & S. A. STILES
                             COURT OF APPEAL
      VS

PENNICK & FORD, LTD.         PARISH OF ORLEANS.
--------------------------------------------------------

Claiborne, J. dissents

By St. Paul, Judge.

Defendant appeals from a judgment by default and files an assignment of errors in which it complains of illeged irregularities in the pleadings, citation, return, and judgment, as follows;

I. That in the pleadings, citation, and judgment, the defendant's name has been written and spelled in full instead of by means of signs and abbreviations (as above).

2. That according to the return the citation was served upon "Penick & Ford Company" instead of Penick & Ford, Limited.

3. That the return fails to recite certain facts in connection with the service as made, or to state how certain other facts had been ascertained.

I.

The right to use signs and abbreviations in judicial proceedings has often been questioned and the practice has been generally discouraged (32 Cyc 77); from which it follows that the opposite practice is to be commended rather than condemned. It would therefore be inequitable that plaintiffs should be penalized for adopting the better course.

II.

As it was clear from the petition and citation herein that they were intended for the defendant herein, the identity of the defendant with the Penick & Ford Company mentioned in the return is apparent, and the slight clerical error in the name of the defendant is immaterial. C. C. 432; Daniel vs Bush Hotel, 8 Ct App 235; Sentilles vs R. R. Co, 9 Ct App 15.

III.

The defendant's domicile is in the parish of Orleans. It was cited in the parish of Jefferson, before a court of that parish,

302

upon a cause of action ex delicto arising in said parish.

The sheriffs return was as follows;

"Received May 31st 1918, and on the same day *I served a copy* "~~necessarily~~ of the within petition and citation on Penick "& Ford Co. Through Gewrge Guest, its superintendent, in person, "in the parish of Jefferson at about *five* ~~two~~ miles from the courthouse.

The general corporation law, Act 267of ~~1916~~ *1914*, provides in paragraph "d" of Section 25 that where a cause of action arises ex delicto against a corporation the venue may be laid in the parish where the cause of action arose. And paragraph "a" of the same section provides that in such cases the corporation may be cited by service on the agent in charge of the affairs of the corporation at that place; and such service may be made on such agent wherever he may be found.

So we think the service and return were both sufficient.

Under Article ## 200 of the Code of Practice the Sheriff must make a return  stating the manner in which he#served the citation; and that return like all his other official returns is prima facie evidence of the facts therein stated; Cox vs Wills, 3 N. S. 158; Fleming vs Conrad, 11 M. 301. So much so, that it is not even open to collateral attack; Johnson vs Puhalovich, 8 Ct App. 421.

Accordingly where the sheriff returns that he served the agent of a corporation his statement is presumptive evidence of such agency. Scherr Mfg Co vs American Insc Co, 11 Ct App 131; See also Sloan vs Menard, 5 An 218.

And except where the service was domiciliary the Code of Practice fixes no particular form of return. Article 201 and 202, requiring the sheriff to state inter alia the source of his information, by their very terms apply only to domiciliary service. See also Whiting vs Haggerty 5 An 686.

The case of O'Connor vs Jones, 7 Ct of App. 267, relied upon by appellant was a case of domiciliary service, without

pretense of validity otherwise. See same case in Ct of App 244, and in 129 La 411.

On the whole we think that if a return, in form and substance such as the one in this case, is not to be taken as presumptive evidence of the facts which it recites, and allowed to stand until set aside in some direct form of action, then no judgment by default can ever be relied upon or enforced; with this curious result to follow, that a defendant will almost always be more certain of success on appeal if he allow the case to go by default rather than attempt to defend it. And we feel that such was not the intent of the law.

We therefore think that all the proceedings in the court below were sufficient and valid, and accordingly;

The judgment appealed from is therefore affirmed.

New Orleans, La, May       1919.

*I dissent on the ground that the service on the superintendent could only have been made at the domiciliary office of the corporation in Gretna —*

*R. J. C.   Judge*